UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANKIE J. C.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C24-1560-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

The Commissioner concedes the ALJ failed to discuss plaintiff's lymphedema at step two or in determining his residual functional capacity ("RFC"), and did not discuss Listing 4.11 at step three, as previously ordered by the Court. Dkt. 15, at 1. The parties disagree, however, about whether this matter should be remanded for an award of benefits or for further administrative proceedings. Dkt. 14, at 16–18; Dkt. 15, at 1–3; Dkt. 16, at 7–8. Although there is no reasonable explanation for why the ALJ ignored the scope of remand in the Court's 2023 Order, the Court finds conflicts in the present record create unresolved questions or doubts about whether plaintiff is disabled. The Court therefore **REVERSES** the Commissioner's final decision and **REMANDS** for further administrative proceedings before a new ALJ under sentence four of 42 U.S.C. § 405(g).

  In a May 2023 Order, the Court reversed and remanded because a prior ALJ failed to consider lymphedema as a severe, medically determinable impairment; failed to assess whether lymphedema equaled Listing 4.11 (Chronic Venous Insufficiency); and failed to consider plaintiff's lymphedema in determining RFC. Tr. 867. In the consequent July 2024 decision, although the ALJ noted the scope of the remand required addressing plaintiff's lymphedema and purported to comply with "all the directives of the federal court," the ALJ did not evaluate lymphedema as a severe, medically determinable impairment, did not assess whether lymphedema equaled Listing 4.11, and did not consider lymphedema while assessing plaintiff's RFC. *See* Tr. 792, 795–804. It is for good reason plaintiff seeks a remand for an immediate award of benefits: why should the ALJ be awarded a mulligan for purposefully violating the scope of remand? *Cf. Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

  Under the Ninth Circuit's credit-as-true standard, three elements must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Plaintiff contends that he has demonstrated, without contradiction from the ALJ's decision or the Commissioner's argumentation, that plaintiff equals Listing 4.11, as well as that the ALJ improperly discounted

evidence of plaintiff's need to use a cane, need to elevate his leg during work, and lymphedema flare ups that would cause him to miss 3 days of work per month. *See* Dkts. 14, 16.

Plaintiff, however, has not overcome the first element of the credit-as-true rule regarding the development of the record and the usefulness of further administrative proceedings because "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1101 (9th Cir. 2014). First, whether plaintiff's lymphedema equals Listing 4.11 is a fact-based inquiry involving the following elements:

> 4.11 Chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and one of the following:
>
> A. Extensive brawny edema (see 4.00G3) involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip.
>
> OR
>
> B. Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment.

20 C.F.R. pt. 404, subpt. P, app. 1, § 4.11. Even presuming the 2019 determination that plaintiff suffered from superficial venous reflux/valvular incompetence qualifies as chronic venous insufficiency, Tr. 587, whether it meets the strict criteria for disability under Listing 4.11 depends on the severity and documented medical evidence of significant clinical complications such as brawny edema or venous stasis ulcers not responsive to treatment. Plaintiff cannot simply refer to instances in which plaintiff suffered from swelling in his right lower extremity to establish equaling Listing 4.11, *see, e.g.*, Tr. 1183, 1185, 1196, in light of other determinations that plaintiff has no significant deep venous reflux/valvular incompetence, no evidence of deep

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

or superficial venous thrombosis, and no arterial insufficiency at rest, Tr. 585, 587, as well as of numerous instances in which plaintiff showed no or mild swelling in his leg along with a full range of motion and normal gait, *see, e.g.*, Tr. 1188, 1274, 1454.[1] Second, although the ALJ harmfully erred by not evaluating lymphedema at step two and with respect to plaintiff's RFC, there is enough evidence to suggest plaintiff's physical limitations from lymphedema might not be as debilitating as alleged. *See, e.g.*, Tr. 1415 ("Describe a typical day for you: Wake up at 5am . . . workout for 1 hour, make breakfast for nephews, take kids to school, visit with daughter at 9am for 30 minutes, walk dog, take care of any business for the week . . . working on setting up room for him and his daughter, pick up sister from work at 4pm, grocery shop, make dinner and eat around 6 or 7 while watching a movie, in bed by 9 or 10pm" and "Pt reports wanting to set up daughter with daycare before getting a job") (bold typeface removed), 1449 ("<u>Physical Activity</u>: Calisthenic exercises every day – 250[]push-ups, 150 squats, 150 crunches").

Based upon the current record, and for the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings before a new ALJ under sentence four of 42 U.S.C. § 405(g).

Because the ALJ who issued the July 2024 decision, herein, failed to follow the Court's 2023 Order regarding the scope of remand, the Court directs the Commissioner to assign a different ALJ to address this case on remand.

On remand, the new ALJ shall provide plaintiff an opportunity for a hearing; supplement the record, if necessary, to evaluate the extent of plaintiff's lymphedema and resulting right lower extremity symptoms and limitations; comply with the Court's 2023 order to consider

---

[1] In a June 2023 lower extremity venous evaluation, plaintiff showed no deep or superficial venous thrombosis and no evidence of venous reflux. Tr. 1336.

1  plaintiff's lymphedema as a severe, medically determinable impairment; evaluate whether

2  claimant's impairments meet or equal the severity of a listed impairment, including Listing 4.11;

3  reevaluate the opinion evidence; reevaluate the plaintiff's RFC; obtain supplemental evidence at

4  Step 5; and issue a new opinion.

5         DATED this 4th day of April, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge